# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | | |
|---|---|---|
| Andre F. Hopkins,<br>    Petitioner, | )<br>)<br>) | |
| v. | ) | 1:09cv901 (AJT/JFA) |
| S.K. Young, et al.,<br>    Respondents. | )<br>)<br>) | |

## MEMORANDUM OPINION AND ORDER

Andre F. Hopkins, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. By Order dated January 13, 2010, petitioner was informed that it appeared his claim was barred by the applicable statute of limitations. Hopkins was ordered either to contest the application of the one-year statute of limitations or to establish that he was entitled to equitable tolling. Hopkins responded to the Court's Order on February 3, 2010, raising several arguments in support of his assertion that he was entitled to equitable tolling. After review of the petition and response, the petition will be dismissed as barred by the statute of limitations, 28 U.S.C. § 2244(d).

As a preliminary matter, petitioner has filed a Motion for Leave to File Addenda to Brief, requesting leave to amend his habeas petition. Petitioner wishes to correct the date on which he was arrested and to submit several exhibits in support of his habeas petition. He has described the correct date and included the proposed exhibits in his Motion, and the Court has considered them. Petitioners may amend their filings once as a matter of course before respondents have been served, and thus petitioner's Motion will be granted.

However, as discussed in the January 13 Order, 28 U.S.C. § 2244(d), bars the claims presented. A petition for a writ of habeas corpus must be dismissed if filed later than one year

after: (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year period, the time during which state collateral proceedings were pursued by a petitioner must be excluded. See 28 U.S.C. § 2254(d)(2). If the total time elapsed exceeds one year, the federal petition is untimely and must dismissed unless the petitioner can establish that he is entitled to equitable tolling of the statute of limitations. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

In the instant case, petitioner was convicted on November 7, 2002, in the Circuit Court for the County of York, Virginia. According to petitioner, he did not file a direct appeal of his conviction, but instead filed a Motion to Rehear in the Circuit Court, and petitioner states that although the Motion to Rehear was "denied," he was given a two-month reduction in sentence on January 9, 2003. On January 3, 2008, petitioner filed a motion in the Virginia Court of Appeals requesting a delayed appeal from his conviction, which the court denied on January 8, 2008. Petitioner then filed a Motion to Vacate Judgment in the Circuit Court, apparently seeking to have the disposition of the Motion to Rehear vacated as a result of "extrinsic fraud upon the Court" pursuant to Virginia Code § 8.01-428(D).[1] According to petitioner, the Motion to Vacate Judgment was denied by the Circuit Court on December 18, 2008. On February 13, 2009, petitioner filed a petition for appeal of the trial courts' dispositions of his Motions to Vacate Judgment and to Rehear in the Supreme Court of Virginia, which the Supreme Court refused on June 24, 2009. As the Supreme Court of Virginia filing was a collateral proceeding and not part

---

[1] Petitioner has not informed the Court of the date he filed this Motion, only when the Motion was decided.

of a direct appeal of his conviction,[2] petitioner's conviction became final on February 2, 2003, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[3]

In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On May 16, 2008, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which was dismissed on July 3, 2008. The instant petition was filed on July 31, 2009.[4]

Between February 2, 2003, the date petitioner's conviction became final, and May 16, 2008, the date petitioner filed his state habeas corpus application, over five years passed. Between July 3, 2008, the date the denial of petitioner's state habeas petition became final, and July 31, 2009, the date petitioner filed this federal petition, an additional year passed. When these periods are combined, they establish that the instant petition was filed over five years beyond the one-year limitations period. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise

---

[2] This distinction will be discussed later in the opinion.

[3] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

[4] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988).

be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

In his response, petitioner argues that equitable tolling should apply for several reasons. First, petitioner asserts that he diligently pursued relief whenever possible. Specifically, he states that after trial counsel dissuaded petitioner from filing a direct appeal of his conviction, petitioner independently sought a hearing to obtain work release. Petitioner also states that he sought legal services and requested a delayed appeal from the Virginia Court of Appeals pro se. Second, petitioner asserts that equitable tolling should apply because he was unaware of "any 'rule 1.1 problem' . . . or . . . that a 'timely filed' Motion to Rehear existed." Petitioner also states that he did not know every detail that would be pertinent to his habeas corpus petition because he lacked the Commonwealth's response to his Supreme Court filing and his case file. Third, petitioner appears to argue that the statute of limitations should be tolled "due to an impediment from the state," by which petitioner apparently means he was not transferred from a county jail to a Virginia Department of Corrections ("VDOC") facility immediately following his sentencing. According to petitioner, this delay impeded his ability to file a timely federal habeas petition because Virginia Code § 53.1-40, which requires a state judge to appoint counsel to an inmate in a state correctional facility when a Commonwealth's Attorney so requests, does not apply to inmates confined in county or regional jails. Petitioner asserts that his lack of legal assistance while confined at the jail impeded his ability to file a timely federal habeas petition. Finally, petitioner challenges this Court's determination that his conviction became final following the denial of petitioner's Motion to Rehear, arguing that the state court's order

granting petitioner permission to file an out of time appeal "restored the pendancy of direct appeal."

In the Fourth Circuit, the one-year statute of limitations for § 2254 petitions is subject to equitable tolling. However, the court has cautioned that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Consequently, "any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Accordingly, a petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Applying this test, it is clear that petitioner has failed to set forth facts which are "extraordinary" enough to warrant equitable tolling of the one-year statute of limitations. Regarding petitioner's first attempt to show cause to justify equitable tolling, petitioner has not shown that he acted diligently in pursuing his rights and that extraordinary circumstances impeded a timely filing. Petitioner states that he "sought relief . . . whenever possible," citing his attempt to seek a hearing to obtain work release, his attempts to secure legal services, and his request of a delayed appeal from the Virginia Court of Appeals. However, between the disposition of petitioner's Motion to Rehear and petitioner's motion seeking a delayed appeal of his conviction, over five years passed. Even considering petitioner's efforts, petitioner has stated no occurrence during those five years that would justify the egregious lapse of time that occurred

between petitioner's filings. Thus, petitioner's asserted efforts to pursue his rights will not justify equitable tolling of the statute of limitations. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (petitioner's own lack of diligence in pursuing federal remedy may act to negate the application of equitable tolling).

Upon review of petitioner's second reason for the Court to apply equitable tolling, petitioner appears to assert that he was unaware of several facts affecting his habeas corpus filing. Specifically, he states that he was unaware of "any 'rule 1.1 problem' . . . or . . . that a 'timely filed' Motion to Rehear existed." Petitioner also states that he did not know every detail that would be pertinent to his habeas corpus petition because he lacked his case file and the Commonwealth's response to his Supreme Court filing. There is no indication that petitioner's discovery of new facts related to his Motion to Rehear prevented him from filing a federal habeas petition on time. Petitioner does not explain how this lack of awareness impacted his ability to file a timely petition. Additionally, even assuming that the information petitioner recently discovered is somehow relevant to his federal habeas petition, petitioner has not indicated why he could not have discovered the information in time to file a timely federal habeas petition.

In petitioner's third argument as to why the Court should apply equitable tolling of the statute of limitations, petitioner appears to assert that his extended confinement in a jail instead of a VDOC facility impeded his ability to file a timely federal habeas petition because he could have received the services of an attorney had he been confined in a VDOC facility instead of a jail. Petitioner alleges that had he been moved to a VDOC facility earlier, he could have received the services of an attorney pursuant to Virginia Code § 53.1-40, which requires a state judge to

appoint counsel to an inmate in a state correctional facility when a Commonwealth's Attorney so requests. According to petitioner, because § 53.1-40 does not apply to inmates confined in county or regional jails, his access to legal advice was delayed while he was confined in a jail, resulting in his untimely federal habeas filing. The Court need not decide whether § 53.1-40 indeed does not apply to inmates confined in a jail, nor need the Court decide whether petitioner might have received legal assistance had he been confined in a VDOC facility.[5] There is no constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, . . . he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). Moreover, the Fourth Circuit has held that a petitioner's lack of access to legal materials or legal information is an insufficient basis upon which to invoke equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (citing Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999)); Arroyo v. Angelone, No. 01-CV-534, 2002 WL 32388381, at *2 (E.D. Va. July 12, 2002). Similarly, an inmate's pro se status and lack of legal knowledge do not justify equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, even if petitioner in fact was denied legal services that he might have received in a VDOC facility, this denial does not warrant equitable tolling of the limitations period.

Finally, petitioner challenges the Court's determination that his conviction became final following disposition of his Motion to Rehear. Petitioner cites Jiminez v. Quarterman, __ U.S. __, 129 S.Ct. 681, 686-87 (2009), in support of his argument that his conviction had not become

---

[5] It is noted, however, that petitioner has provided no evidence suggesting that a Commonwealth's Attorney had or would have requested counsel to represent petitioner, an apparently necessary precondition before a state judge will appoint counsel to an inmate pursuant to § 52.1-40.

7

final at that point. As explained in the January 13 Order, Jiminez does not apply in this case because petitioner did not file a direct appeal of his conviction. Petitioner himself clarified in his December 24 Response that his June 24, 2009 Supreme Court of Virginia filing was not a direct appeal of his conviction, but rather a challenge of the trial court's rulings on the Motion to Rehear and the Motion to Vacate. (Petr.'s Aff. A.) Indeed, petitioner separately sought a delayed direct appeal of his conviction, which the Virginia Court of Appeals denied. Jiminez applies to grants of delayed direct appeals only, and not to collateral proceedings, and thus petitioner's Supreme Court of Virginia filing does not affect when petitioner's conviction became final for the purposes of federal habeas review. See Jimenez, 129 S.Ct. at 686 ("Our decision today is a narrow one. We hold that, where a state court grants a criminal defendant the right to file an out-of-time *direct appeal* during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A).") (emphasis added). Thus, petitioner has failed to demonstrate that equitable tolling should apply in this case, and the petition will be dismissed as time-barred.

Accordingly, it is hereby

ORDERED that petitioner's Motion for Leave to File Addenda to Brief (Docket # 13) be and is GRANTED; and it is further

ORDERED that the instant petition for a writ of habeas corpus be and is DISMISSED WITH PREJUDICE as time-barred.

To appeal, the petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner and to close this civil case.

Entered this 23rd day of February 2010.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge